IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| GEORGE NEAL WILLIAMS, #107935 | § | |
|---|---|---|
| | § | |
| V. | § | CIVIL ACTION NO. G-04-282 |
| | § | |
| GEAN LEONARD | § | |

## REPORT AND RECOMMENDATION

Plaintiff George Neal Williams, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Having reviewed Plaintiff's complaint and answers to the Court's interrogatories, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In the instant case, Plaintiff claims that he suffered a bout of

food poisoning on one occasion during his incarceration at the Galveston County jail, in violation of his constitutional rights under the Eighth Amendment. On or about March 26, 2004, Plaintiff became ill after eating his evening meal. His symptoms included nausea, diarrhea and stomach cramps. On or about March 27th or March 28th, the jail nurse informed Plaintiff that he had probably contracted food poisoning, which most likely originated from the meat served on the prior evening. He was fed clear broth and given Pepto-Bismol for his symptoms.

Plaintiff asserts in his answers to interrogatories that he believes Lt. Delacruise intentionally fed him spoiled meat in a deliberate attempt to cause him harm. Lt. Delacruise is not named as a Defendant in this cause. When asked to state specific facts to support his belief, Plaintiff stated: "This clearly shows the deliberate indifference in the action by Lt. Delacruise; not caring about the well being of inmates. It didn't matter that the dinner meat was spoiled: and had placed on dinner trays so we inmates could eat it."

Plaintiff's claim of being denied adequate, untainted food is governed by the "deliberate indifference" standard of the Eighth Amendment to the Constitution. *See Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996). To establish "deliberate indifference," Plaintiff must allege facts which, if proved, show that jail officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Id.*, *citing Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Though Plaintiff states that Lt. Delacruise was responsible for knowingly feeding him spoiled meat, he is unable to offer a single fact in support of his belief. His claim is wholly conclusory and based on nothing more than his own opinion. A constitutional violation does not occur "every time someone feels that they have been wronged or treated unfairly." *Schinn ex rel. Shinn v. College Station Indep. Sch. Dist.*, 96 F.3d 783, 786 (5th Cir. 1996), *cert. denied*, 520 U.S

1211 (1997). Conclusory allegations unsupported by any facts are insufficient to state an actionable claim under 42 U.S.C. §1983. *See Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985); *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986).

With respect to Defendant Gean Leonard, the only Defendant named for the alleged constitutional violation, Plaintiff states that a food poisoning incident occurred at the jail two years earlier in November 2002, and Leonard failed to assure that it would never happen again, resulting in Plaintiff's harm. As an elected official responsible for operations at the Galveston County jail, Leonard is liable only if: (1) he affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to Plaintiff. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992); *cert. denied*, 508 U.S. 951 (1993). It is clear from Plaintiff's interrogatory answers that Leonard was not personally involved in any aspect of this case. Rather, Plaintiff maintains that the Sheriff is responsible for the actions of all employees or subordinates. Nor does Plaintiff identify any specific policies that violated his constitutional rights or allege any facts liking those non-existent policies to Leonard. Plaintiff has failed to state a claim for relief against Sheriff Leonard. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701 (1989); *Rizzo v. Goode*, 423 U.S. 362, 371-372, 377 (1976).

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the instant cause by **DISMISSED with prejudice as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **July 3, 2007,** to have written objections **physically on file** in the Office of the Clerk. The objections shall be mailed to the Clerk's Office, P.O. Drawer 2300, Galveston, Texas 77553. Any Objections filed shall be contained

in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

    **DONE** at Galveston, Texas, this the   12th   day of June, 2007.

    John R. Froeschner
    United States Magistrate Judge